UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANICE M. CROWTHER,<br>   *Plaintiff,*<br><br>**v.**<br><br>NATIONAL CREDIT SERVICES,<br>INC.,<br>   *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 4:19-cv-00623 |

**DEFENDANT NATIONAL CREDIT SERVICES, INC.'S
<u>PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant National Credit Services, Inc. ("Defendant"), and files this Partial Motion for Judgment on the Pleadings, and will show onto this Court as follows:

**INTRODUCTION**

1. Plaintiff filed suit on August 26, 2019, complaining of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 277 *et seq.* (the "TCPA"), and the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.* (the "TDCA"). <u>Doc. 1</u>. Plaintiff alleges that Defendant placed "no less than 100 unwanted phone calls to Plaintiff" using an automated telephone dialing system and/or prerecorded messages." *Id.*

2. As alleged in Plaintiff's complaint, the debt was for an education loan. <u>Doc. 1</u> ¶¶ 20-21. The debt was, in fact, a debt owed to the U.S. Department of Education for a defaulted student loan.[1] <u>Exhibit 1</u>. The debt was owed and guaranteed by the U.S. Department of Education, and

---

[1] Though Plaintiff's Complaint does not state that it was a debt owed directly to the United States, the Court is allowed to examine documents attached to a Motion for Judgment on the Pleadings if the document is central to Plaintiff's claims, as it is in this case. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

payment was to be remitted to the U.S. Department of Education. *Id*. Because the debt was a debt owed to the government of the United States, it falls under an exception found within the TCPA. 47 U.S.C. § 277(b)(1)(A)(iii), and therefore the TCPA does not apply to any calls made by Defendant on this debt. Because the calls are explicitly excepted from the TCPA, Plaintiff cannot maintain a valid cause of action under the TCPA. For these reasons, this Court should grant Defendant's Partial Motion for Summary Judgment and dismiss Plaintiff's TCPA claim with prejudice.

## ARGUMENTS AND AUTHORITIES

### A. Standard of Law

3. A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) after the pleadings are closed and when it would not delay the trial. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999); *St. Paul Insurance Company of Bellaire, Texas v. AFIA Worldwide Insurance Company,* 937 F.2d 274, 279 (5th Cir. 1991); Fed. R. Civ. Pro. 12(c). A court considering a Rule 12(c) motion for a judgment on the pleadings must look only at the pleadings and accept the well-pleaded allegations contained in them as true. *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990). When a defendant raises the defense of failure to state a claim upon which relief may be granted in a motion for judgment on the pleadings, a court may simply treat the motion as if it were a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Jones,* 188 F.3d at 324; *National Ass'n of Pharmaceutical Mfrs. v. Ayerst Laboratories,* 850 F.2d 904, 909 n. 4 (2d Cir. 1988); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 n. 2 (2d Cir. 1977). In addition to the complaint, the court may review documents attached to the complaint and documents attached to the motion to which the complaint refers, and which are central to the plaintiff's claims. *Collins*,

224 F.3d at 498-99. If an exhibit attached to the complaint contradicts an allegation in the complaint the exhibit controls. *St. Luke's Episcopal Hosp.*, 355 F.3d at 377.  Finally, "'[c]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)).

      **B. The Telephone Consumer Protection Act does not apply to debts owed or guaranteed by the United States.**

4.    The TCPA prohibits a party from making phone calls to a cellular phone using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. § 277(b)(1)(A). The TCPA contains three exceptions to this prohibition. First, a party can make calls using an ATDS or artificial or prerecorded voice if the calls are made for emergency purposes. Second, a party can make these calls if they are made with the prior express consent of the called party. *Id.*

5.    Finally, the TCPA does not apply if the "call is made solely to collect a debt owed to or guaranteed by the United States." *Id.* § 277(b)(1)(A)(iii). The third exemption was added to the TCPA by the Bipartisan Budget Act of 2015. *See* Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 301(a), 129 Stat. 584, 588 (2015). Calls made solely to collect a debt owed to or guaranteed by the United States do not violate the TCPA and cannot be grounds for a TCPA claim. *See Gaza v. Navient Solutions, LLC*, No. 8:18-cv-1049-MSS-SPF, 2019 WL 645390, at *1 (M.D. Fla. Jan. 23, 2019) (granting summary judgment based on government debt exception); *Green v. Navient Sols., LLC*, No. 1:17-CV1453-VEH, 2018 WL 6303775, at *1 (N.D. Ala. Nov. 29, 2018) ("The Court agrees with Navient that, because it was attempting to collect a loan guaranteed by the

United States, its calls were exempt from the TCPA's prior express consent requirement based on the text of the statute."); *Hassert v. Navient Solutions, Inc.*, 232 F. Supp. 3d 1049 (W.D. Wis. 2017) ("Because FFEL loans are debts 'guaranteed by the United States,' calls made to collect these debts are not prohibited by the TCPA after the 2015 amendments."); *Franklin v. Navient Corp.*, Civil Action No. 17-1640-RGA, 2019 U.S. Dist. LEXIS 150902 at *9 (D. Del. Sep. 5, 2019) ("In light of the fact Plaintiff's loan is guaranteed by the United States, all telephone calls made to him after the 2015 amendment are exempted by the TCPA.").

6. The debt in this case was a student loan debt owed and guaranteed to the U.S. Department of Education. <u>Exhibit 1</u>. Plaintiff admits that it was a student loan debt. <u>Doc. 1</u> ¶¶ 20-21. Federal student loans are considered to be owed and guaranteed to the United States, even when the debt has gone into default. *See* 20 U.S.C. § 1078(c)(2)(C) (describing student loans as being guaranteed by Department of Education); *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 640-41 (7th Cir. 2015) ("Because of the reinsurance commitment, the federal government serves as the ultimate guarantor on each loan."). The letter makes numerous references to U.S. Department of Education, asks for payment to be remitted to the U.S. Department of Education, and lists certain rights that U.S. Department of Education is entitled to undertake in accordance with Federal law. The debt at issue is a clearly a debt owed to and guaranteed by the United States.

7. Because the debt at issue in this case is a student loan debt owed to and guaranteed by the U.S. Department of Education, the TCPA does not apply to any calls made concerning the debt. Therefore, for these reasons, Defendant respectfully requests that this Court dismiss Plaintiff's TCPA claim with prejudice.

## CONCLUSION

8.     Under 47 U.S.C. § 277(b)(1)(A)(iii), calls placed for debts that are owed to or guaranteed by the United States Government are not subject to the TCPA. It is clear in this case that the debt was owed to the United States Government, as it concerned a student loan debt. Therefore, the TCPA does not apply to the calls made in this case. For these reasons, Plaintiff's TCPA claim fails as a matter of law, and this Court should dismiss Plaintiff's TCPA claim with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant National Credit Services, Inc., respectfully requests that this Court dismiss Plaintiff's TCPA claim with prejudice.

Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE FROST MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*
 *NATIONAL CREDIT SERVICES, INC.*

## CERTIFICATE OF SERVICE

I certify that on December 5, 2019, I served a copy of the foregoing via ECF on counsel for Plaintiff:

Joseph S. Davidson
Mohammed 0. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+ I 630-575-8181
jdavidson@sulaimanlaw.com
mbacJwan@sulaimanlaw.com

                                            */s/* Robbie Malone
                                            ROBBIE MALONE